UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEROLD EVANS,

    Plaintiff,

vs.                                       Case No.: 3:03-cv-180-J-25TEM

GEORGIA PACIFIC, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Georgia Pacific, Inc.'s Motion For Attorneys Fees (Dkt. 53). Plaintiff has not filed an opposition to the motion.

### I. Factual Background

On October 9, 2003, Defendant served on Plaintiff an Offer titled "Proposal for Settlement and Demand for Judgment" (Offer) pursuant to §768.79, Florida Statutes.[1] Defendant offered judgment in the amount of $1,500.00 and required Plaintiff to dismiss his claim with prejudice. Plaintiff did not accept the Offer before it expired. Ultimately, summary judgment was entered in favor of Defendant on all Counts. Defendant now seeks its attorneys' fees and "non taxable expenses" based on the Offer. Defendant seeks a total of $56,968.84 in attorney and paralegal fees as well as $8,458.14 in non-taxable expenses. Thus, Defendant seeks a total award of $65,426.98.

---

[1] Defendant proffered a separate Offer of Judgment pursuant to Rule 68, Fed.R.Civ.P. which is not relevant to the instant Motion.

## II. Analysis

To receive an award of attorneys' fees under §768.79, Florida Statutes, a defendant must serve on the plaintiff an offer of judgment and the plaintiff must have recovered at least 25% less than the amount offered by the defendant. Fla. Stat. §768.79(1). The defendant is entitled to attorneys' fees and costs from the date of filing the offer of judgment. *Id.*

It appears that Defendant has complied with the statute and that the Offer was made in good faith. However, the Court finds that the number of hours claimed are excessive. Subsection (7)(b) directs Courts to take factors such as the "lack of merit in the claim," whether the cause is a "test case," and the "closeness of questions of fact and law at issue" into account when determining the reasonableness of the fee award. Subsection (7)(b) also directs a Court to consider "all other relevant criteria" when making this determination.

Defendant concedes in his Motion that "[f]rom the onset of this lawsuit... Evans' claims lacked merit." The Court agrees with this statement and further finds that this case did not involve either a close call regarding an interpretation of the law or facts. Thus, as directed by Subsection (7)(b), the Court takes this fact into account when making its determination regarding whether the number of hours expended by the legal professionals in this case were reasonable. The Court further finds that, examining the Plaintiff's claims, this cause did not involve a "test case."

For these reasons, the Court finds that the number of hours expended by the legal professionals in this case as well as the sheer number of professionals involved were excessive and thus a significant in reduction the amount of fees claimed is warranted. In sum, this Court

finds that a total attorneys fees award of $15,025 is appropriate.[2] Defendant moves for certain non taxable costs in the amount of $8,458.14 also pursuant to §768.79. Fla. Stat. Section 768.79 (6)(a) specifically lists "investigatory expenses" as recoverable. Thus, the $8,299.94 investigation charge from Corporate Integrity Services is recoverable. However, the travel expenses and long distance charges are not. Accordingly, it is **ORDERED:**

Defendant's Motion for Attorney's Fees..... (Dkt. 53) is **GRANTED in part.** Defendant is awarded $15,025.00 in fees as well as $8,299.94 in investigatory expenses. The total award is $23,324.94.

**DONE AND ORDERED** in chambers this 26 day of July 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[2] According to the records filed by Defendant's attorneys, the majority of the professionals applying for fee reimbursement bill at a rate between $105 and $255 per hour. Because the records contain billing figures for four different partners, five different associates, and four different members of the firm's paralegal staff, the Court cannot ascertain which hours for which person are excessive. Thus, the Court sets a reasonable amount of hours at 65 hours times the lead attorney's rate of $215.00 = $13,975 plus ten paralegal hours at $105 per hour = $1,050 for a total fee award of $15,025.

3